UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 06-373-GWU

CARL THOMPSON, PLAINTIFF,

VS.         **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

Carl Thompson brought this action to obtain judicial review of an unfavorable administrative decision on his application for Disability Insurance Benefits (DIB). The case is before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1.  Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2.  Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3.  Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

1

06-373 Thompson

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to

06-373 Thompson

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. <u>Garner</u>, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. <u>Bowie v. Secretary</u>, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. <u>Cf. Houston v. Secretary of Health and Human Services</u>, 736 F.2d 365, 367 (6th Cir. 1984); <u>King v. Heckler</u>, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. <u>Hardaway v. Secretary</u>, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. <u>Jones</u>, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. Section 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1)

>whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford

06-373 Thompson

or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid.  In such cases, the agency

may be required to consult a vocational specialist.  <u>Damron v. Secretary</u>, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  <u>Varley v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Thompson, a 54 year-old former road construction inspector with a high school equivalent education, suffered from impairments related to coronary artery disease (being status post myocardial infarction with stenting), a mental impairment and chronic back and right shoulder pain. (Tr. 18, 22, 24).  While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a restricted range of medium level work.  (Tr. 29).  Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled.  (Tr. 29-30).  The ALJ based this decision, in large part, upon the testimony of a vocational expert.  (Tr. 28).

After review of the evidence presented, the undersigned concludes that the administrative decision is not supported by substantial evidence.  The ALJ erred in evaluating the evidence of record relating to Thompson's mental condition.

However, the current record does not mandate an immediate award of DIB. Therefore, the Court must grant the plaintiff's summary judgment motion, in so far as it seeks a remand of the action for further consideration and deny that of the defendant.

Thompson was treated for his mental problems at the Mountainview Behavioral and Neuroscience Center by Dr. Robina Bokhari beginning in July of 2003. Dr. Bokhari diagnosed major depression-recurrent. (Tr. 306-307, 310, 462-465). The plaintiff's Global Assessment of Functioning (GAF) was generally rated at 50.[1] (Tr. 307, 310, 462-465). Such a GAF suggests the existence of "serious" psychological symptoms according to the American Psychiatric Association's <u>Diagnostic and Statistical Manual for Mental Disorders</u> (4th Ed.-Revised, 1994) (DSM-IV). In March of 2004, Dr. Bokhari completed a questionnaire concerning the claimant's mental condition. The doctor rated Thompson's impairment in the areas of working in coordination with others as well as in accepting instructions and responding to criticism from supervisors as "extreme." (Tr. 466-467). "Extreme" was defined as "an impairment of ability to function at a level that is likely to preclude consistent, reliable, and appropriate functioning for extended periods or totally." (Tr. 466). The plaintiff's impairment in the areas of maintaining regular attendance and

---

[1] On one occasion in September of 2003, Dr. Bokhari rated the plaintiff's GAF at 50 to 60, suggesting the existence of "moderate to serious" psychological symptoms according to the DSM-IV.

being punctual, completing a normal workday and workweek without interruptions from psychologically-based symptoms, performing routine tasks at a consistent and appropriate pace, and responding appropriately to changes in a routine work setting was rated as "marked." (Tr. 466-467). "Marked" was defined as "an impairment that seriously interferes with the ability to function in an consistent, reliable and appropriate manner in the work-place." (Tr. 466). In all the other areas, the claimant's limitation was rated as "moderate" with "moderate" defined as "an impairment that significantly affects the ability to function in a consistent, reliable and appropriate manner in the work-place." (Tr. 466-467). When these restrictions were presented at the administrative hearing to Vocational Expert James Miller, he could cite no jobs which could still be performed. (Tr. 517-518).

Psychologist Blaine Pinaire performed a consultative examination of Thompson in December of 2002 at the request of the administration. (Tr. 220). Pinaire diagnosed an adjustment disorder with depressed mood. (Tr. 221). The examiner opined that the plaintiff would be unable to adapt or respond to the pressures normally associated with the day-to-day work setting. (Tr. 222). Pinaire also believed that Thompson was too irritable to tolerate extensive interaction with friends, supervisors and the public. (Tr. 222). Thus, this opinion also suggests that the claimant would not be able to perform work activities.

The ALJ rejected the opinions of both Dr. Bokhari and Pinaire as binding. The ALJ rejected Dr. Bokhari because she did not believe that the doctor's treatment notes supported such severe mental limitations. (Tr. 25). The Court agrees that the treatment notes from the physician were somewhat sparse and lacking in detail. (Tr. 306-310, 462-465, 501). The ALJ also did not think that Pinaire's opinion was well-supported by the overall record. (Tr. 25). However, even if this action were appropriate, the Court notes that these were the only mental health professionals of record to actually examine the claimant.

The ALJ relied instead upon the opinions of Psychologists Ann Demaree (Tr. 412-415) and Edward Ross (Tr. 430-434), the non-examining medical reviewers, each of whom noted a number of "moderate" mental restrictions. An ALJ may rely upon the opinion of a non-examiner over that of an examining source when the non-examiner clearly states the reasons for his differing opinion. Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994). Furthermore, when the examiner is also a treating physician, Social Security Ruling 96-6p suggests that the non-examiner must also review a complete medical record including a report from a specialist in the individual's particular impairment which provides more detailed and comprehensive information than that which was available to the treating physician. In the present action, Demaree reviewed the record in April of 2003 while Ross saw it the following June. Neither reviewer had the opportunity to see and comment upon the opinion

06-373 Thompson

of Dr. Bokhari. Therefore, the ALJ could not rely upon them to offset that of the treating and source and a remand of the action for further consideration is required.²

The undersigned concludes that the administrative decision must be reversed and the action remanded to the Commissioner for further consideration. Therefore, the Court must grant the plaintiff's summary judgment motion in so far as such relief is achieved and deny that of the defendant. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 13th day of June, 2007.



**Signed By:**
**G. Wix Unthank**
**United States Senior Judge**

---

²The Court notes that while each reviewer would have seen Pinaire's report, problems exist with reliance upon them over him as well. Ross merely adopted Demaree's assessment without further comment and, so, he did not articulate reasons why he did not agree with the examiner. (Tr. 432). Demaree indicated that she did not fully credit Pinaire because of statements in the Employer's Questionnaire indicating that the claimant did not have any work-related problems other than a need to avoid heights. (Tr. 414). However, review of the Employer's Questionnaire shows that the plaintiff did have trouble dealing with stress, co-workers and contractors during the last several months of his employment and these factors greatly increased his level of stress. (Tr. 114). Thus, he would seem to have had problems with far more things than just exposure to heights and, in fact, this report is arguably consistent with Pinaire's findings.